I agree that the summary judgment was properly entered for the defendants, John Segars and John Segars Air Control Co., Inc. In the complaint, the plaintiffs alleged only that Segars and the company were negligent and wanton in hiring Martin Boyd Brooks because they failed to adequately screen its employees for violent propensities and criminal backgrounds. Because Brooks's criminal acts occurred outside the line and scope of his employment, the defendants could not be liable for negligent hiring.
I would feel differently, however, had the plaintiffs alleged that, given Brooks's background, Segars and the company failed to adequately supervise Brooks by allowing him to leave the shop at Segars Air to work in customers' homes or offices. In such a case, I believe that there is a genuine issue of material fact as to whether Segars and the company owed a duty to its customers to ensure that Brooks, who they knew to be on *Page 1366 
probation from convictions of crimes including burglary, was given jobs that did not require him to leave the company's shop. " 'The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised.' " Ledbetter v. United American Ins.Co., 624 So.2d 1371, 1373 (Ala. 1993) (quoting Buchanan v.Merger Enterprises, Inc., 463 So.2d 121, 126(Ala. 1984)). I believe that it is foreseeable that a convicted burglar might steal again if given access to people's homes and businesses, therefore, Segars and the company owed a duty of care to its customers to adequately supervise Brooks and deny him access to homes and businesses.